# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL COMPLAINT |
| | : | |
| v. | : | HON. DOUGLAS E. ARPERT |
| | : | |
| MARNELL JOHNSON | : | Mag. No. 20-1506 (DEA) |

I, Michael Goldfinger, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Special Agent with the Drug Enforcement Administration, and that this Complaint is based on the following facts:

SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

S/Michael Goldfinger, Special
Agent Drug Enforcement
Administration

Attested to by telephone pursuant to
Fed. R. Crim. P. 4.1(b)(2)(A) on April 8, 2020,
in the District of New Jersey

HONORABLE DOUGLAS E. ARPERT            _____
UNITED STATES MAGISTRATE JUDGE         Signature of Judicial Officer

1

**ATTACHMENT A**

<u>Count One</u>

On or about April 8, 2020, in Monmouth County, in the District of New Jersey, and elsewhere, the defendant,

MARNELL JOHNSON,

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

<u>Count Two</u>

On or about April 8, 2020, in Monmouth County, in the District of New Jersey, and elsewhere, the defendant,

MARNELL JOHNSON,

knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of New Jersey, Essex County, did knowingly possess a firearm, namely, a .380 caliber Diamondback pistol, and the firearm was in and affecting commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

**ATTACHMENT B**

I, Michael Goldfinger, am a Special Agent with the Drug Enforcement Administration ("DEA").  I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents and other items of evidence.  Where statements of others are related herein, they are related in substance and in part.  Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation.  Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. Since in or around January 2020, law enforcement has conducted an investigation into the unlawful narcotics distribution activities of defendant Marnell Johnson ("JOHNSON").  The investigation has included multiple controlled purchases of controlled substances from JOHNSON by a confidential source ("CS") working at the direction and under the supervision of law enforcement between in or around February 2020 and in or around April 2020.  A law enforcement laboratory tested the narcotics purchased from JOHNSON during two of these purchases and confirmed that they included detectable amounts of heroin and fentanyl.  During two other controlled purchases by the CS, law enforcement conducting physical surveillance observed JOHNSON exit his residence, 752 Ocean Avenue, Apartment 39, Long Branch, New Jersey (the "Residence"), and travel to a previously arranged location where JOHNSON met with the CS and conducted the narcotics transactions.

2. On or about April 8, 2020, law enforcement executed a search warrant at the Residence, shortly after JOHNSON exited the Residence.  During the search, law enforcement recovered, among other things, approximately 250 bags containing suspected fentanyl on a living room coffee table, and several hundred additional bags containing suspected fentanyl on a bedroom end table. Initial field testing of the suspected fentanyl yielded a positive result for the presence of fentanyl.

3. Additionally, law enforcement recovered a .380 caliber Diamondback pistol from the drawer of the same bedroom end table from which the suspected fentanyl referenced in paragraph 2, above, had been recovered.  Law enforcement's investigation revealed that the firearm was not manufactured in the State of New Jersey.

4. On or about June 4, 1996, JOHNSON was convicted in the Superior Court of New Jersey, Essex County, of crimes punishable by more than one year in prison, to wit:  manslaughter, in violation of N.J.S.A. 2C:11-4b, aggravated assault, in violation of N.J.S.A. 2C:12-1b(1), possession of a firearm for an unlawful purpose, in violation of N.J.S.A. 2C:39-4a, and

unlawful possession of a handgun, in violation of N.J.S.A. 2C:39-5b, and he was sentenced to 40 years' imprisonment.